IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC., d/b/a TITAN MEDIA, a California corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>DOES 1-65, individuals,<br><br>          Defendants | Case No. 10-4377 SC<br><br>ORDER GRANTING REQUEST FOR LEAVE TO TAKE LIMITED EARLY <u>DISCOVERY</u> |

**I.   INTRODUCTION**

On September 28, 2010, Plaintiff Io Group, Inc., doing business as Titan Media ("Plaintiff"), filed a Complaint against sixty-five Doe Defendants for copyright infringement. ECF No. 1 ("Compl."). Plaintiff seeks leave to take limited discovery prior to the scheduled Rule 26 conference in order to identify the Doe Defendants. ECF No. 4 ("Request for Leave to Take Discovery").

**II.  BACKGROUND**

Plaintiff produces, markets and distributes adult entertainment products. Compl. ¶ 2. Plaintiff alleges the Doe Defendants reproduced, distributed and publicly displayed its copyrighted materials through a peer-to-peer ("P2P") network called eDonkey2000. <u>Id.</u> ¶ 1. Plaintiff alleges Defendants used an

internet connection provided by Cox Communications to access the internet for the purpose of engaging in the infringing activity. Id. ¶ 4. Plaintiff seeks leave to serve a Rule 45 third-party subpoena on Cox Communications.

### III. LEGAL STANDARD

Generally, a party may not initiate discovery before the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f). However, a court may authorize earlier discovery "for the convenience of parties and witnesses and in the interests of justice." Fed. R. Civ. P. 26(d). The requesting party must demonstrate good cause for earlier discovery. See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). According to the Ninth Circuit:

> [W]here the identity of alleged defendants will not be known prior to the filing of a complaint[,] . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.

Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). For leave to conduct discovery to identify a Doe defendant, the moving party must: (1) identify the defendant with enough specificity to allow the Court to determine whether the defendant is a real person or entity who could be sued in federal court; (2) recount the steps taken to locate the defendant; (3) show that its action could survive a motion to dismiss; and (4) file a request for discovery with the Court identifying the persons or entities on whom discovery process might be served and for which there is a

2

reasonable likelihood that the discovery process will lead to identifying information. Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

## IV. DISCUSSION

Plaintiff engaged Media Protector International GmbH ("Media Protector") to locate infringing copies of its works on the P2P network eDonkey2000. Eichner Decl. ¶ 2.[1] Individuals access the internet through an internet service provider ("ISP"), and each time the subscriber accesses the internet, the ISP provides a unique number to the subscriber called an internet protocol ("IP") address. Id. ¶ 6. Using the services of Media Protector, Plaintiff has identified sixty-five IP addresses from which infringing copies of its works were reproduced and distributed. Id. ¶¶ 7-11; Compl. ¶¶ 22-86. Plaintiff has also recorded the exact time and date of these events. Compl. ¶¶ 22-86. Cox Communications is the ISP that controls all of the IP addresses identified in Plaintiff's Complaint. Eichner Decl. ¶ 13. Plaintiff seeks leave to serve a Rule 45 third-party subpoena on Cox Communications to determine the identity of the subscribers associated with these IP addresses. Request for Leave to Take Discovery at 2.

### A. Good Cause

The Court finds that Plaintiff has shown good cause for limited expedited discovery. Expedited discovery is appropriate

---

[1] Michael Eichner ("Eichner"), co-owner and chief developer of Media Protector, filed a declaration in support of the Request for Leave to Take Discovery. ECF No. 5.

3

because ISPs typically retain subscriber logs for only a short period of time before destroying the information. Eichner Decl. ¶ 10. A third-party subpoena appears to be the only way Plaintiff can identify the Doe Defendants, and Plaintiff must identify them in order to effect service of process.

### B. The Seescandy.com Factors

The Court finds that Plaintiff has satisfied the four-factor test outlined in seescandy.com for leave to conduct discovery to identify Doe defendants. Plaintiff has identified the Defendants with specificity, and recounted the steps taken to locate Defendants, by identifying IP addresses, as well as exact dates and times of alleged infringing activity. See Eichner Decl.; Compl. ¶¶ 22-86.

In order to succeed in a copyright infringement claim, "a plaintiff must show that he or she owns the copyright and that defendant copied protected elements of the work." Cavalier v. Random House, Inc., 297 F.3d 815, 822 (9th Cir. 2002) (citing Shaw v. Lindheim, 919 F.2d 1353, 1356 (9th Cir. 1990)). Here, Plaintiff has submitted copies of registration certificates issued by the U.S. Copyright Office for the works identified in the Complaint. See Ruoff Decl. Ex. A.[2] Taken together with the allegations of unauthorized reproduction and distribution in the Complaint, Plaintiff has demonstrated that its claim of copyright infringement is likely to survive a motion to dismiss.

Plaintiff seeks leave to serve a subpoena on Cox Communications to determine the names and addresses of the

---

[2] Keith Ruoff ("Ruoff"), Vice President of Io Group, Inc., filed a declaration in support of the Request for Leave to Take Discovery. ECF No. 6.

4

subscribers to whom Cox Communications assigned the IP addresses identified in the Complaint. Request for Leave to Take Discovery at 6-7. As such, Plaintiff has identified the entity that should be served. Having satisfied the seescandy.com factors, the Court finds that Plaintiff should be permitted to serve a subpoena on Cox Communications. The subpoena should be substantially identical in form to the subpoena attached as Exhibit A to Plaintiff's Request, although the subpoena should be limited to a request to produce documents sufficient to identify the names, addresses, telephone numbers, and e-mail addresses associated with the sixty-five IP addresses.[3]

### C. Opportunity to Move to Quash or Modify

Federal Rule of Civil Procedure 45 provides that a subpoena may be quashed or modified if it requires disclosure of privileged or "other protected matter," or if it subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iii) and (iv). As such, Cox Communications shall be required to provide notice of the subpoena to the subscribers so that they have the opportunity to move to quash or modify. While the Court is granting Plaintiff's request to serve the subpoena on Cox Communications, the Court is not predetermining the merits of any motion to quash or modify that might be filed by Doe Defendants after they receive notice.

### V. CONCLUSION

For good cause shown, Plaintiff's Request for Leave to Take

---

[3] The attached proposed subpoena also seeks documents sufficient to identify "Media Access Control" addresses, but Plaintiff has not explained their role to the Court or why they are necessary. As such, they should not be requested in the subpoena sent to Cox Communications.

Early Limited Discovery is GRANTED. Plaintiff may serve a Rule 45 subpoena on Cox Communications seeking documents sufficient to identify the names, addresses, telephone numbers, and e-mail addresses associated with the sixty-five IP addresses identified in the Complaint. Cox Communications, in turn, shall serve a copy of the subpoena and a copy of this Order upon its relevant subscribers within ten (10) days of its receipt of the subpoena. The subscribers shall then have fifteen (15) days from the date of service upon them to file any motions to quash or modify. If that 15-day period elapses without a subscriber filing a motion to quash or modify, Cox Communications shall have ten (10) days to produce that subscriber's name, address, phone number, and e-mail address to Plaintiff pursuant to the subpoena.

IT IS SO ORDERED.

Dated: October 15, 2010

_____
UNITED STATES DISTRICT JUDGE