United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IO GROUP, INC., d/b/a TITAN MEDIA, ) Case No. 10-4377 SC
a California corporation,           )
                                    ) ORDER GRANTING REQUEST FOR
          Plaintiff,                ) LEAVE TO TAKE LIMITED EARLY
                                    ) DISCOVERY
     v.                             )
                                    )
DOES 1-65, individuals,             )
                                    )
          Defendants                )
                                    )
_____)

## I.    INTRODUCTION

     On September 28, 2010, Plaintiff Io Group, Inc., doing
business as Titan Media ("Plaintiff"), filed a Complaint against
sixty-five Doe Defendants for copyright infringement.  ECF No. 1
("Compl.").  Plaintiff seeks leave to take limited discovery prior
to the scheduled Rule 26 conference in order to identify the Doe
Defendants.  ECF No. 4 ("Request for Leave to Take Discovery").


## II.   BACKGROUND

     Plaintiff produces, markets and distributes adult
entertainment products.  Compl. ¶ 2.  Plaintiff alleges the Doe
Defendants reproduced, distributed and publicly displayed its
copyrighted materials through a peer-to-peer ("P2P") network called
eDonkey2000.  Id. ¶ 1.  Plaintiff alleges Defendants used an

**United States District Court**
For the Northern District of California

1  internet connection provided by Cox Communications to access the

2  internet for the purpose of engaging in the infringing activity.

3  Id. ¶ 4.  Plaintiff seeks leave to serve a Rule 45 third-party

4  subpoena on Cox Communications.

5

6  **III.  LEGAL STANDARD**

7      Generally, a party may not initiate discovery before the

8  parties have met and conferred pursuant to Federal Rule of Civil

9  Procedure 26(f).  However, a court may authorize earlier discovery

10  "for the convenience of parties and witnesses and in the interests

11  of justice."  Fed. R. Civ. P. 26(d).  The requesting party must

12  demonstrate good cause for earlier discovery.  See Semitool, Inc.

13  v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).

14      According to the Ninth Circuit:

15          [W]here the identity of alleged defendants will
            not be known prior to the filing of a
16          complaint[,] . . . the plaintiff should be
            given an opportunity through discovery to
17          identify the unknown defendants, unless it is
            clear that discovery would not uncover the
18          identities, or that the complaint would be
            dismissed on other grounds.

19

20  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  For

21  leave to conduct discovery to identify a Doe defendant, the moving

22  party must: (1) identify the defendant with enough specificity to

23  allow the Court to determine whether the defendant is a real person

24  or entity who could be sued in federal court; (2) recount the steps

25  taken to locate the defendant; (3) show that its action could

26  survive a motion to dismiss; and (4) file a request for discovery

27  with the Court identifying the persons or entities on whom

28  discovery process might be served and for which there is a

**United States District Court**
For the Northern District of California

1  reasonable likelihood that the discovery process will lead to

2  identifying information.  <u>Columbia Ins. Co. v. seescandy.com</u>, 185

3  F.R.D. 573, 578-80 (N.D. Cal. 1999).

4

5  **IV.   <u>DISCUSSION</u>**

6      Plaintiff engaged Media Protector International GmbH ("Media

7  Protector") to locate infringing copies of its works on the P2P

8  network eDonkey2000.  Eichner Decl. ¶ 2.[1]  Individuals access the

9  internet through an internet service provider ("ISP"), and each

10 time the subscriber accesses the internet, the ISP provides a

11 unique number to the subscriber called an internet protocol ("IP")

12 address.  <u>Id.</u> ¶ 6.  Using the services of Media Protector,

13 Plaintiff has identified sixty-five IP addresses from which

14 infringing copies of its works were reproduced and distributed.

15 <u>Id.</u> ¶¶ 7-11; Compl. ¶¶ 22-86.  Plaintiff has also recorded the

16 exact time and date of these events.  Compl. ¶¶ 22-86.  Cox

17 Communications is the ISP that controls all of the IP addresses

18 identified in Plaintiff's Complaint.  Eichner Decl. ¶ 13.

19 Plaintiff seeks leave to serve a Rule 45 third-party subpoena on

20 Cox Communications to determine the identity of the subscribers

21 associated with these IP addresses.  Request for Leave to Take

22 Discovery at 2.

23     **A.   <u>Good Cause</u>**

24     The Court finds that Plaintiff has shown good cause for

25 limited expedited discovery.  Expedited discovery is appropriate

26

27 [1] Michael Eichner ("Eichner"), co-owner and chief developer of
   Media Protector, filed a declaration in support of the Request for
28 Leave to Take Discovery.  ECF No. 5.

**United States District Court**
For the Northern District of California

1  because ISPs typically retain subscriber logs for only a short

2  period of time before destroying the information.  Eichner Decl.

3  ¶ 10.  A third-party subpoena appears to be the only way Plaintiff

4  can identify the Doe Defendants, and Plaintiff must identify them

5  in order to effect service of process.

6  **B.    The Seescandy.com Factors**

7  The Court finds that Plaintiff has satisfied the four-factor

8  test outlined in seescandy.com for leave to conduct discovery to

9  identify Doe defendants.  Plaintiff has identified the Defendants

10  with specificity, and recounted the steps taken to locate

11  Defendants, by identifying IP addresses, as well as exact dates and

12  times of alleged infringing activity.  See Eichner Decl.; Compl. ¶¶

13  22-86.

14  In order to succeed in a copyright infringement claim, "a

15  plaintiff must show that he or she owns the copyright and that

16  defendant copied protected elements of the work."  Cavalier v.

17  Random House, Inc., 297 F.3d 815, 822 (9th Cir. 2002) (citing Shaw

18  v. Lindheim, 919 F.2d 1353, 1356 (9th Cir. 1990)).  Here, Plaintiff

19  has submitted copies of registration certificates issued by the

20  U.S. Copyright Office for the works identified in the Complaint.

21  See Ruoff Decl. Ex. A.[2]  Taken together with the allegations of

22  unauthorized reproduction and distribution in the Complaint,

23  Plaintiff has demonstrated that its claim of copyright infringement

24  is likely to survive a motion to dismiss.

25  Plaintiff seeks leave to serve a subpoena on Cox

26  Communications to determine the names and addresses of the

27

28  ---
[2] Keith Ruoff ("Ruoff"), Vice President of Io Group, Inc., filed a declaration in support of the Request for Leave to Take Discovery. ECF No. 6.

**United States District Court**
For the Northern District of California

1  subscribers to whom Cox Communications assigned the IP addresses

2  identified in the Complaint.  Request for Leave to Take Discovery

3  at 6-7.  As such, Plaintiff has identified the entity that should

4  be served.  Having satisfied the seescandy.com factors, the Court

5  finds that Plaintiff should be permitted to serve a subpoena on Cox

6  Communications.  The subpoena should be substantially identical in

7  form to the subpoena attached as Exhibit A to Plaintiff's Request,

8  although the subpoena should be limited to a request to produce

9  documents sufficient to identify the names, addresses, telephone

10  numbers, and e-mail addresses associated with the sixty-five IP

11  addresses.[3]

        **C.    Opportunity to Move to Quash or Modify**

13      Federal Rule of Civil Procedure 45 provides that a subpoena

14  may be quashed or modified if it requires disclosure of privileged

15  or "other protected matter," or if it subjects a person to undue

16  burden.  Fed. R. Civ. P. 45(c)(3)(A)(iii) and (iv).  As such, Cox

17  Communications shall be required to provide notice of the subpoena

18  to the subscribers so that they have the opportunity to move to

19  quash or modify.  While the Court is granting Plaintiff's request

20  to serve the subpoena on Cox Communications, the Court is not

21  predetermining the merits of any motion to quash or modify that

22  might be filed by Doe Defendants after they receive notice.

**V.    CONCLUSION**

25      For good cause shown, Plaintiff's Request for Leave to Take

---

[3] The attached proposed subpoena also seeks documents sufficient to identify "Media Access Control" addresses, but Plaintiff has not explained their role to the Court or why they are necessary.  As such, they should not be requested in the subpoena sent to Cox Communications.

**United States District Court**
For the Northern District of California

1   Early Limited Discovery is GRANTED.  Plaintiff may serve a Rule 45

2   subpoena on Cox Communications seeking documents sufficient to

3   identify the names, addresses, telephone numbers, and e-mail

4   addresses associated with the sixty-five IP addresses identified in

5   the Complaint.  Cox Communications, in turn, shall serve a copy of

6   the subpoena and a copy of this Order upon its relevant subscribers

7   within ten (10) days of its receipt of the subpoena.  The

8   subscribers shall then have fifteen (15) days from the date of

9   service upon them to file any motions to quash or modify.  If that

10  15-day period elapses without a subscriber filing a motion to quash

11  or modify, Cox Communications shall have ten (10) days to produce

12  that subscriber's name, address, phone number, and e-mail address

13  to Plaintiff pursuant to the subpoena.

14

15       IT IS SO ORDERED.

16

17       Dated:  October 15, 2010

18                                        UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

6